Kevin N. Ainsworth
Michael R. Graif (*pro hac vice* pending)
**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.**
919 Third Avenue
New York, New York 10022
Telephone: (212) 935-3000
*Attorneys for Plaintiff*
*SmartLabs Corporate LLC*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK DIVISION

| | |
|---|---|
| SMARTLABS CORPORATE LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INFINITY BIOLOGIX LLC d/b/a SAMPLED, a Delaware corporation<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR:**<br>**(1) TRADEMARK INFRINGEMENT**<br>**(2) UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SmartLabs Corporate LLC ("Plaintiff" or "SmartLabs"), with its principal place of business at 10 Fan Pier Boulevard, Boston, MA 02210, by and through its undersigned counsel, for its Complaint against Defendant Infinity Biologix LLC d/b/a Sampled ("Defendant" or "Biologix"), with its principal place of business at 604 Allison Road, C-242 Piscataway, NJ 08854, alleges, on knowledge as to its own actions, and otherwise on information and belief, as follows:

## NATURE OF THE ACTION

This is an action for infringement of SmartLabs's federally-registered trademark SMARTLABS under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition, false connection, and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for substantial and related claims of trademark infringement and

1
COMPLAINT; Case No.:

unfair competition under the statutory and common laws of New Jersey, all arising from the Biologix's unauthorized use of the trademark SMARTLABS in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Biologix's laboratory services.

SmartLabs now brings this action to stop Biologix's infringement of SmartLabs's rights, for compensation for the significant damages arising from Biologix's unlawful conduct, and for injunctive relief to prevent Biologix from causing future harm to SmartLabs.

## THE PARTIES

1. Plaintiff SmartLabs Corporate LLC, a Delaware corporation, with its headquarters and principal place of business at 10 Fan Pier Boulevard, Boston, MA 02210. SmartLabs offers turnkey, on-demand pharma-grade managed research centers ("MRC") which are tech-enabled research facilities utilized by companies of all sizes.

2. Based on its record with the Delaware State of Secretary, and on information and belief, Defendant Infinity Biologix LLC is a Delaware limited liability company, with its principal place of business at 604 Allison Road, C-242 Piscataway, NJ 08854.

## JURISDICTION AND VENUE

3. This court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Defendant is subject to personal jurisdiction with New Jersey and this judicial district, as Defendant is operating in New Jersey and has its principal place of business in New Jersey. Thus, venue as to Defendant is proper pursuant to 28 U.S.C. § 1391(b).

## FACTS

**A.  SmartLabs and its SMART LABS Mark**

5. SmartLabs offers laboratory related services including pharma-grade managed research centers together with centralized instrumentation and data resources accessible via SmartLabs's proprietary platform SmartLabs OS. SmartLabs OS integrates dozens of lab

functions, including without limitation chemical inventory, supply chain logistics of materials that move in and out of laboratories and research and development workflows.

6. SmartLabs is the owner of valid and subsisting United States Trademark Registration No. 5,886,652 on the Principal Register for "Real estate services, namely, real estate brokerage, acquisition, rental, leasing, and management of office, research and laboratory properties. A true and correct copy of the registration certificate is attached hereto as Exhibit A. SmartLabs has used the SMARTLABS trademark in connection with laboratory services relating to inventory management, supply chain logistics, resource scheduling and logistics tracking nationwide since at least 2018, and in addition to its common law trademark rights, is the owner of a multiple allowed trademark applications for SMARTLABS or SMARTLAB for those services. Among them are:

- U.S. Ser. No. 90/889,259 for SMARTLABS for, inter alia, "Computer software platforms, downloadable, for inventory management, supply chain logistics, resource scheduling, logistics tracking and implementation";
- U.S. Ser. No. 90/899,162 for SMARTLABS and design "Downloadable computer software for inventory management, supply chain logistics, resource scheduling, logistics tracking and implementation within a laboratory"
- U.S. Ser. No. 90/889,228 for SMARTLABS for "Software as a service (SAAS) services featuring software for laboratory management, project management, equipment operation and monitoring, monitoring environments, monitoring workflows, running experiments, data generation, and database management"
- U.S. Ser. No. 97/706,428 for SMARTLAB for "Downloadable software for laboratory management, project management, equipment operation and monitoring, monitoring environments, monitoring workflows, running experiments, data generation, and database management"

7. SmartLabs has used the SMARTLABS Mark in commerce throughout the United States continuously since October 17, 2018 in connection with the provision, offering for sale,

sale, marketing, advertising and promotion of the foregoing laboratory services, including downloadable, SAAS and PAAS software systems for inventory management, supply chain logistics, resource scheduling and logistics tracking nationwide.

8. SmartLabs and its SMARTLABS Mark have become known to the public and the industry, including through SmartLabs's website (https://www.SmartLabs.com/), its Twitter account (@SmartLabsinc), and its Linked page (https://www.linkedin.com/company/SmartLabs-inc/) each of which prominently displaying the SMARTLABS Mark.

9. As a result of its widespread, continuous, and exclusive use of the SMARTLABS Mark to identify its laboratory services and software and SmartLabs as their source, SmartLabs owns valid and subsisting federal statutory and common law rights to the SMARTLABS Mark.

10. SmartLabs has expended substantial time, money, and resources marketing, advertising, and promoting the laboratory inventory and logistics services and software sold under the SMARTLABS Mark.

11. SmartLabs offers and sells its laboratory services under its SMARTLABS Mark to commercial enterprises and the public sector.

12. As a result of SmartLabs's expenditures and efforts, the SMARTLABS Mark has come to signify the high quality of the laboratory services designated thereby, and has acquired significant reputation and goodwill belonging exclusively to SmartLabs.

**B.     Biologix's Wrongful Activities**

13. On information and belief, Biologix is engaged in offering some of SmartLabs's laboratory services, and other confusingly similar services, in relation to its laboratory offerings.

14. Without SmartLabs's authorization, and on information and belief, beginning after SmartLabs acquired protectable exclusive rights in its SMARTLABS Mark, Biologix adopted and began using "Sampled SMART Labs" (with the word "SMART" emphasized in all capital letters) (hereinafter, the "Infringing Mark") for its laboratory related services related to laboratory sample management within the United States.



15. The Infringing Mark adopted and used by Biologix is virtually identical to and confusingly similar to SmartLabs's SMARTLABS Mark.

16. On information and belief, Biologix has been engaged in the advertising, promotion, offering for sale, and sale of a "wide variety of laboratory services", including those related to laboratory sample management, using the Infringing Mark throughout the United States.

17. On information and belief, the laboratory services Biologix has provided, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark overlap with, are a natural extension of, and are confusingly similar to SmartLabs's laboratory services offered under its SMARTLABS Mark.

18. Biologix has marketed, advertised, and promoted its confusingly similar laboratory services under the Infringing Mark through at least Biologix's website (https://www.sampled.com).

19. A search of Delaware corporate records reveals that Biologix was incorporated in February 2020. A search of the www.sampled.com and www.ibx.bio websites on archive.org reveals that Biologix began using the Infringing Mark on or about April 2022. Based on at least the foregoing, SmartLabs is the undisputed senior user of its registered SMARTLABS Mark.

20. On information and belief, Biologix offers and sells its laboratory services under the Infringing Mark to commercial enterprises and/or the public sector, which overlaps with SmartLabs's clientele for its laboratory services under its SMARTLABS Mark.

21. On information and belief, on March 21, 2022, Biologix filed U.S. trademark application Ser. No. 97/975,087 for SAMPLED SMART LABS for "Distribution services, namely, delivery of biological materials used in connection with human gene research" in International Class 039; "Medical research services; Providing laboratory facilities for medical and scientific research purposes in the nature of a biorepository; Scientific research and consultation pertaining to biological materials used in human gene research" in International Class 042; and "Preservation of biological materials used in connection with human gene research" in International Class 044. Also on March 21, 2022, Biologix filed U.S. trademark application Ser. No. 97/321,739 for SAMPLED SMARTLABS for "Diagnostic kits comprised of medical diagnostic reagents and assays for testing of bodily fluids for use in disease detection, namely, Influenza A Virus, Influenza B Virus and Coronavirus" in International Class 005.

22. On June 15, 2022, SmartLabs's counsel sent a cease and desist letter to Biologix objecting to Biologix's use of the Infringing Mark. Biologix denied infringement in a letter dated

June 27, 2022. SmartLabs subsequently sent a letter dated October 14, 2022 and Biologix again denied infringement in a letter dated October 28, 2022. Biologix sent a further letter dated December 13, 2022, to which Biologix did not respond.

23. Biologix's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Biologix's laboratory services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Biologix's laboratory services originate from, are associated or affiliated with, or otherwise authorized by SmartLabs.

24. On information and belief, Biologix's acts are willful with the deliberate intent to trade on the goodwill of SmartLabs's SMARTLABS Mark, cause confusion and deception in the marketplace, and divert potential sales of SmartLabs's laboratory services to Biologix.

25. Biologix's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to SmartLabs and to its valuable reputation and goodwill with the consuming public for which SmartLabs has no adequate remedy at law.

## FIRST CAUSE OF ACTION
## FEDERAL TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114(1)

26. SmartLabs repeats and re-alleges all preceding allegations in this Complaint, as if fully set forth herein.

27. Biologix's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Biologix's laboratory services, and is likely to cause consumers to believe, contrary to fact, that Biologix's laboratory services are sold, authorized, endorsed, or sponsored by SmartLabs, or that Biologix is in some way affiliated with or sponsored by SmartLabs. Biologix's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

28. On information and belief, Biologix has committed the foregoing acts of infringement with full knowledge of SmartLabs's prior rights in the SMARTLABS Mark and with the willful intent to cause confusion and trade on SmartLabs's goodwill.

29. Biologix's conduct is causing immediate and irreparable harm and injury to SmartLabs, and to its goodwill and reputation, and will continue to both damage SmartLabs and confuse the public unless enjoined by this court. SmartLabs has no adequate remedy at law.

30. SmartLabs is entitled to, among other relief, injunctive relief and an award of actual damages, Biologix's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. § 1125(a)

31. SmartLabs repeats and re-alleges all preceding allegations in this Complaint, as if fully set forth herein.

32. Biologix's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Biologix's laboratory services, and is likely to cause consumers to believe, contrary to fact, that Biologix's laboratory services are sold, authorized, endorsed, or sponsored by SmartLabs, or that Biologix is in some way affiliated with or sponsored by SmartLabs.

33. Biologix's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

34. On information and belief, Biologix's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Biologix with SmartLabs.

35. Biologix's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Biologix's conduct as alleged herein is causing immediate and irreparable harm and injury to SmartLabs, and to its goodwill and reputation, and will continue to both damage SmartLabs and confuse the public unless enjoined by this court. SmartLabs has no adequate remedy at law.

37. SmartLabs is entitled to, among other relief, injunctive relief and an award of actual damages, Biologix's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT

38. SmartLabs repeats and re-alleges all preceding allegations in this Complaint, as if fully set forth herein.

39. Biologix's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Biologix's laboratory services, and is likely to cause consumers to believe, contrary to fact, that Biologix's laboratory services are sold, authorized, endorsed, or sponsored by SmartLabs, or that Biologix is in some way affiliated with or sponsored by SmartLabs. Biologix's conduct therefore constitutes trademark infringement in violation of New Jersey common law protection of trademark rights.

40. On information and belief, Biologix has committed the foregoing acts of infringement with full knowledge of SmartLabs's prior rights in the SMARTLABS Mark and with the willful intent to cause confusion and trade on SmartLabs's goodwill.

41. Biologix's conduct is causing immediate and irreparable harm and injury to SmartLabs, and to its goodwill and reputation, and will continue to both damage SmartLabs and confuse the public unless enjoined by this court. SmartLabs has no adequate remedy at law.

42. SmartLabs is entitled to, among other relief, injunctive relief and an award of actual damages, Biologix's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
## UNFAIR COMPETITION UNDER THE
## NEW JERSEY FAIR TRADE ACT
## (N.J.S.A. § 56:4-1)

43. SmartLabs repeats and re-alleges all preceding allegations in this Complaint, as if fully set forth herein.

44. Biologix's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Biologix's laboratory services, and is likely to cause consumers to believe, contrary to fact, that Biologix's laboratory services are sold, authorized, endorsed, or sponsored by SmartLabs, or that Biologix is in some way affiliated with or sponsored by SmartLabs.

45. Biologix's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

46. On information and belief, Biologix's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Biologix with SmartLabs.

47. Biologix's conduct as alleged herein constitutes unfair competition in violation of the New Jersey Fair Trade Act, N.J.S.A. § 56:4-1.

48. Biologix's conduct as alleged herein is causing immediate and irreparable harm and injury to SmartLabs, and to its goodwill and reputation, and will continue to both damage SmartLabs and confuse the public unless enjoined by this court. SmartLabs has no adequate remedy at law.

49. SmartLabs is entitled to, among other relief, injunctive relief and an award of actual damages, Biologix's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action, together with prejudgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, SmartLabs requests the following relief for each cause of action unless otherwise noted:

1. Judgment in favor of SmartLabs and against Biologix on all counts;

2. A permanent injunction from trademark infringement and unfair competition practices by Biologix and its officers, agents, employees, directors, shareholders, subsidiaries, related companies, affiliates, and all persons in active concert or participation with any of them;

3. Damages in an amount to be determined at trial;

4. Unjust enrichment and/or disgorgement of Biologix's profits, enhanced including trebling;

5. Damages for corrective advertising;

6. Trebling of damages for willful infringement;

7. That Biologix be ordered to abandon its United States Trademark Application Serial Nos. 97/975,087 and 97/321,739 for "SAMPLED SMART LABS".

8. Pre-judgment and post-judgment interest at the legally allowable rate on all amounts owed;

9. Costs and expenses;

10. Attorney's fees and other fees under, among others, 15 U.S.C. § 1117(a) and (b) *et seq*. as an exceptional case, and use of a willful counterfeit Mark;

11. Punitive damages;

12. Restitution; and

13. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

SmartLabs hereby demands a trial by jury on all claims and issues triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: April 25, 2023

Respectfully submitted,

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.**

By: */s/ Kevin N. Ainsworth*
Kevin N. Ainsworth
Michael R. Graif (*pro hac vice* pending)
919 Third Avenue
New York, New York 10022
Telephone: (212) 935-3000
Facsimile: (212) 983-3115
KAinsworth@mintz.com
MRGraif@mintz.com

*Attorneys for Plaintiff*
*SmartLabs Corporate LLC*

## L. CIV. R. 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned attorney of record for Plaintiff hereby certifies that to the best of my knowledge and based upon the information available to me, the matter in controversy is not the subject of any action pending in this or any other court or of any pending arbitration or administrative proceeding.

Dated: April 25, 2023

By: */s/ Kevin N. Ainsworth*
Kevin N. Ainsworth
Michael R. Graif (*pro hac vice* pending)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.
919 Third Avenue
New York, New York 10022
Telephone: (212) 935-3000
Facsimile: (212) 983-3115
KAinsworth@mintz.com
MRGraif@mintz.com